IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**LEROY GRIFFIN,**

    **Petitioner,**

**v.**                         **Civil Action No. 3:03CV72**
                                        **(BROADWATER)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above styled matter is now before the court pursuant to Petitioner's October 23, 2003 motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 and the Magistrate's Report and Recommendation thereon. The Petitioner filed objections to the Report on March 7, 2006. For the reasons stated below, the Court determines that the Magistrates Report and Recommendation should be and is hereby **ADOPTED** and Petitioner's motion is **DENIED** with prejudice.

## Procedural History

On July 15, 2002, an information alleging conspiracy to distribute crack cocaine was filed against the petitioner, Leroy Griffin. On August 1, 2000, Griffin executed a waiver of indictment, filed a plea agreement, and entered a guilty plea before the Court. Griffin was sentenced to 240 months in prison and three years of supervised release on October 21, 2002. On January 6, 2003, Griffin filed an appeal that was dismissed by the United States Court of Appeals for the Fourth Circuit on February 7, 2003.

On October 23, 2003, Griffin filed the instant motion under 28 U.S.C. § 2255, alleging

ineffective assistance of counsel based upon four arguments. First, Griffin claimed that his attorney failed to file Notice of Appeal and he was not permitted allocution at sentencing. Second, Griffin claims counsel failed to research the record to identify appealable issues. Third, Griffin claims his attorney allowed him to enter a guilty plea to a drug quantity that was inaccurate as a matter of law. Fourth, Griffin alleges that his attorney operated under a conflict of interests.

On December 9, 2003 the case was referred to Magistrate Judge James E. Seibert. Magistrate Seibert conducted an initial screening of the motion and presided over subsequent proceedings on the matter.

On March 19, 2004, Magistrate Siebert held an evidentiary hearing at which Petitioner was represented by counsel. At the March 19, 2004 hearing Griffin withdrew his claim of ineffective assistance based on counsel's failure to file notice of appeal (Document No. 35 at 3). Paul Taylor, Griffin's former attorney, testified at the evidentiary hearing.

On May 14, 2004, the United States entered a response to Griffin's motion to vacate. Griffin responded on May 19, 2004, by entering a motion to strike the prosecutor's affidavit attached to the United States' response.

On February 18, 2005, Magistrate Judge Seibert issued a Report and Recommendation. Magistrate Seibert recommended granting Petitioner's Motion to Strike and denying with prejudice the §2255 motion. On March 7, 2005 Petitioner filed objections to the Magistrate's Report and Recommendation, after being granted an extension of time to file. The government responded with a motion in support of the Magistrate's Report and Recommendation on March 10, 2005.

On March 10, 2005 the Court received a letter from the Petitioner (Document No. 48), pro se, indicating that he had not intended to withdraw the second claim in his original petition at the

March 19, 2004 hearing. Griffin requested that his original second claim be reinstated. The claim alleged that counsel failed to adequately research the record to determine appealable issues. Specifically, petitioner alleges that counsel provided him with inaccurate information and inappropriate advice while counseling defendant on plea negotiations.

On July 14, 2005, petitioner submitted a letter, pro se, raising a new Sixth Amendment claim based on the Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), cases recently handed down by the United States Supreme Court. Specifically, Petitioner argues that his Sixth Amendment right to trial by jury was violated by the Court's use of relevant conduct to determine his sentence, despite a stipulation of relevant conduct in the plea agreement.

## Standard of Review

In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the contested portions of the Magistrate's Report and Recommendation. Additionally, the Court considered Petitioner's motion of March 10, 2005, to reinstate certain claims, and a motion of July 14, 2005, moving to add claims based upon recent Supreme Court decisions.

## Discussion

### Reinstatement of Claims

Review of the March 19, 2004, hearing transcripts indicates that the Petitioner may not have intended to withdraw his claims that counsel failed to search the record for appealable issues in his case. Accordingly, Petitioner's Motion to Reinstate Claim (Document No. 48) is **GRANTED**.

Upon review of the record the Court finds that Petitioner's reinstated claim is without merit. Petitioner's counsel did search the record for appealable issues and filed an appeal with the Fourth Circuit Court of Appeals on January 6, 2003. The Fourth Circuit issued an order dismissing the appeal on February 12, 2003 (Document No. 14).

## Conflict of Interests

The Court finds that no actual conflict arose between counsel Paul Taylor's successive representation of Armistead "Manny Mu" Craig and petitioner, Leroy Griffin. The Court further finds that if an actual conflict did exist, it did not adversely affect Counsel's representation of Petitioner.

In his Objections to the Report and Recommendation, Petitioner concedes that historical facts from the Report and Recommendation were outlined therein in a "fair fashion." Among those facts are that Taylor ceased representing Armistead Craig on September 7, 2000 and began to represent Griffin on May 9, 2002. The twenty month interval between Taylor's representation of the two defendants indicates that any potential conflict would be a successive conflict. Moss v. United States, 323 F. 3d 445, 459 (6th Cir. 2003).

In Chalndler v. Lee, the Fourth Circuit identified relevant factors for the courts to consider when determining if a conflict of interest arose in a case of successive representation. Chalndler v. Lee, 89 Fed. Appx. 830, 840-41 (4th Cir. 2004). The Chandler factors indicate that no actual conflict occurred in this case. Griffin's criminal case was not "substantially related" to Craig's case; Taylor was not aware of confidential information obtained from Craig; the cases were separate in time; and Taylor had no pecuniary interest in the outcome of Griffin's case. A "mere theoretical division of loyalties" is insufficient to challenge a sentence, and, in this case,

no actual harm from a conflict was shown. Mickens v. Taylor, 535 U.S. 162, 171 (2002).

The Petitioner argues that Counsel's failure to pursue defenses precluded by the entry of the plea agreement constitute detrimental omissions resulting from a conflict of interests. (Document No. 47 at 6.) At the Magistrate's evidentiary hearing Taylor testified that he never viewed Craig as a potential witness, because Griffin decided to enter a plea agreement containing a relevant conduct stipulation. Taylor indicated that the abstract possibility of a conflict of interests never occurred to him. (Document No. 35 at 23). Looking beyond Taylor's subjective realizations, the record does not contain actions that beg explanation or indicate that counsel was influenced by a suggested conflict. Sanders v. Ratelle, 21 F.3d 1446, 1452 (9th Cir. 1994).

Overall, the Court finds that no actual conflict of interests exists and Petitioner's representation was not adversely effected by Taylor's subsequent representation of Craig and Griffin. On the contrary, Taylor pursued a sound defense strategy that significantly reduced the jeopardy Griffin faced after his initial indictment.

Sixth Amendment Claims

In a motion filed on July 14, 2005, petitioner seeks to further amend his complaint, asking the Court to include in his petition claims challenging his sentencing in accordance with Blakely v. Washington, 124 S.Ct. 2531 (2004). The court will accept the late modification and rule on the substance of the claim.

With regard to state sentencing guidelines, Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the

punishment, and the judge exceeds his proper authority." Blakely, 124 S. Ct. at 2537(citations omitted).

The Supreme Court applied Blakely to the federal sentencing guidelines as well. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court issued a two part decision. In the first part, the Supreme Court held that mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase a defendant's sentence beyond the sentence imposed based on jury fact finding. In the second part of its decision, the Supreme Court rendered the federal sentencing guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

In the instant case the Petitioner argues that his Sixth Amendment rights were violated because, at sentencing, the Court took into account relevant conduct that was not found by a jury. Although there was no a jury determination of the Petitioner's relevant conduct, the plea agreement Griffin entered into with the United States on August 1, 2002, contained a stipulation as to the Petitioner's relevant conduct (Document No. 4 at 4, Crim. Action 3:02CR36). Therefore, petitioner's motion of July 14, 2005, (Docket 49) is **DENIED** as set forth under both Fed. R. Crim. P. 35 and Blakely.

### Decision

After reviewing the above, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be and is hereby **ORDERED** adopted for the reasons set forth in the Report and this Order. The Petitioner's **MOTION TO AMEND** (Document No. 49) is **GRANTED**. Petitioner's **MOTION TO REINSTATE CLAIM** (Document No. 48) is granted.

Petitioner's **MOTION TO STRIKE** is **GRANTED**, and Petitioner's **MOTION UNDER 28 U.S.C. §2255,** to vacate, set aside or correct sentence is **DENIED and DISMISSED WITH PREJUDICE**. Accordingly, this action is hereby **STRICKEN** from the active docket of this court.

The Clerk is directed to transmit true copies of this Order to the Petitioner and all counsel of record herein.

**DATED** this 31ST day of March 2006.

W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE